Decided 29 January, 1907.

**LEEDY v. WOOD.**

88 Pac. 585.

BILLS AND NOTES—EXAMPLE OF AN ANSWER NOT SUFFICIENTLY STATING FAILURE OF CONSIDERATION.

An answer in an action on notes given for the price of a min'ng c'aim, which alleged that the claim had been located by a third person since deceased; that the makers desired to purchase the claim; that the payee represented that he was the owner and entitled to the possession thereof, and that he agreed to convey the same to the makers; that, when the representations were made, the makers found that the deed from the third person as recorded erroneously described the cla.m; that the payee represented that the deed executed to him by the third person correctly described the claim; and that the error resulted from an error committed in recording the deed, without alleging that the payee agreed to deliver to the makers the deed executed by the third person, or averring that the payee promised that he would have the deed re-recorded, was insufficient on demurrer for, if the third person's deed was not to be re-recorded, any representations made by the payee to the makers as to how the error in the description occurred, however false, were immaterial.

From Grant: GEORGE E. DAVIS, Judge.

Action on promissory notes, resulting in a judgment for plaintiff. The case was submitted on briefs, under the proviso of Rule 16: 35 Or. 587, 600.          AFFIRMED.

For appellants there was a brief over the names of *W. G. Drowley* and *Errett Hicks.*

For respondent there was a brief over the name of *Cattanach & Wood.*

MR. JUSTICE MOORE delivered the opinion of the court.

This is an action by A. D. Leedy against T. H. Wood and S. Taylor to recover on four promissory notes, executed by the defendants, June 22, 1905, to A. D. Leedy, trustee, each for the sum of $50 and payable respectively September 1, 1905, November 1 of that year, January 1, 1906, and March 1 of the latter year, with interest after maturity at the rate of 10 per cent per annum, and containing a stipulation to pay a reasonable sum · as attorney's fees in case action was instituted thereon. The complaint, containing four causes of action, averred that, prior to the commencement thereof, the notes mentioned were assigned to plaintiff, who is the owner and holder thereof, and demanded judgment for the amount due, and $50 as attorney's fees. The answer denied the material allegations of the complaint, and, eliminating the parts that might have been stricken out on motion, averred, in effect, in each cause of action, that about August 31, 1885, one W. F. Smith, Sr., located on the unpatented mining ground of the United States a placer claim, described as follows: The S. ½ of lot 2 in section 6, township 14 S., of range 32 E., in Grant County; that the defendants desired to purchase that claim and to "secure a full, complete, legal, possessory and record title thereto," and the plaintiff, knowing their wishes in this respect, represented to them that he was the sole owner of the premises; that he held such title thereto against all parties, except the United States, and was entitled to the possession of the claim, which the locator had conveyed to him, and which he would sell and convey to the defendants, invest them with the title which they desired, and place them in possession of the premises, in consideration of $1,050, of which sum $100 was to be paid down and the remainder in installments of $50 each, the first payable September 1, 1905, and the others, respectively, every two months thereafter, the deferred payments to be evidenced by promissory notes; that at the time such representations were made, the defendants searched the public records of Grant County and found that the deed executed by Smith to Leedy described the

placer claim as situated in township 4 S., instead of 14; that, plaintiff's attention having been called to such defect, he represented to the defendants that the error in this respect occurred in recording the instrument which, as executed, correctly described the premises; that, the defendants having demanded to see the original deed executed by Smith, the plaintiff further represented to them that it had been mislaid and could not be found; that the defendants, believing all such representations, relying thereon, and being induced thereby, accepted plaintiff's offer to sell and convey the claim, paid him the sum of money demanded, executed to him as trustee the promissory notes required, and received from him a quitclaim deed of the premises; that all such representations were false, and so known to be by the plaintiff when they were uttered, and were made with intent to deceive and defraud the defendants; that on June 22, 1905, when the plaintiff executed his deed to the defendants, he had no interest in the mining claim or color of title thereto, and never was entitled to the possession of the premises or authorized to sell or convey the same and never placed the defendants in possession of any part thereof; that about August 1, 1905, and prior to the maturity of any of the promissory notes mentioned, the defendants, having discovered that such representations were false, rescinded the contract and tendered to plaintiff a quitclaim deed of the premises; and that, in consequence of such false representations, the consideration for all the notes, including those sued on, has wholly failed. A demurrer to the new matter in the answer, on the ground, *inter alia,* that it did not state facts sufficient to constitute a defense, having been sustained, and the defendants declining further to plead, the cause was tried, and judgment rendered against them for the sums demanded, and they appeal.

The answer intimates that, after the plaintiff executed to the defendants a deed to the placer mining claim, the locator thereof, W. F. Smith, Sr., departed this life, but whether or not his death occurred prior or subsequent to the alleged rescission of the contract is not disclosed. In order, however, to make

the defendants' case as strong as possible, we shall assume that Smith died before they discovered the alleged falsity of the plaintiff's representations, and shall also take for granted that the deceased left no person surviving who was competent or qualified to execute a deed in his stead, so that the only manner in which the defendants could have secured "a full, complete, legal, possessory and record title," as they desired, was by having the deed which was executed to the plaintiff re-recorded. The answer admits that at the time such representations were made, the defendants discovered the defect in the deed as recorded, respecting the description of the premises, and that, having called the plaintiff's attention thereto, he represented to them that the deed executed to him by Smith correctly described the claim, and that the imperfection mentioned resulted from an error committed in recording the instrument. It is, therefore, fairly to be inferred from the averments of the answer that the defendants reasonably expected that the error, in the respect mentioned, would be corrected by having the deed re-recorded. The answer does not allege that the plaintiff agreed to deliver to the defendants the deed which he secured from Smith, so that they could have it spread on the records, or aver that plaintiff promised them that he would have the instrument re-recorded. The defendants knew when they secured from plaintiff a conveyance of his interest in the mining claim that the deed executed by Smith to him, as evidenced by the public record, did not correctly describe the premises. If the locator's deed was not to be re-recorded, any representations made by the plaintiff to the defendants, as to how the error in the description occurred, however false they may have been, were wholly immaterial. The manner suggested is the only way in which the defendants could have secured the title to the placer mine that they claim the plaintiff represented that he held and that he also stipulated to give them, and, as they did not allege that he agreed to deliver to them the Smith deed, or promise to have it re-recorded, the answer fails to state facts sufficient to constitute a defense, and,

this being so, no error was committed in sustaining the demurrer interposed to that pleading.

It follows from these considerations that the judgment should be affirmed, and it is so ordered.          Affirmed.